UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>              Plaintiff,<br><br>   vs.<br><br>ANGELA JACKLEY, SUSAN GANNON, DONEEN HOLLENSWORTH, SOUTH DAKOTA DEPARTMENT OF HEALTH, GOVERNOR DENNIS DAUGAARD, KRISTIN ROUNDS, SOUTH DAKOTA ATTORNEY GENERAL MARTY JACKLEY, SOUTH DAKOTA BOARD OF REGENTS, MICHAEL RUSH, SOUTH DAKOTA STATE UNIVERSITY, DAVID CHICOINE, LAURIE NICHOLS, DOUGLAS WERMEDAL, STATE OF SOUTH DAKOTA,<br><br>              Defendants. | CIV. 16-5015-JLV<br><br>ORDER |

On February 25, 2016, plaintiff Clayton Walker filed a motion for a preliminary injunction which the court construed as a *pro se* complaint. (Docket 1). Mr. Walker also moved for leave to proceed *in forma pauperis* (Docket 3), which the court granted. (Docket 8). The court ordered Mr. Walker to show cause why his complaint should not be dismissed as frivolous, without merit, and failing to state a claim and why the court should not enter an injunction permanently enjoining him from filing further lawsuits or other pleadings in the United States District Court for the District of South Dakota unless he satisfied requirements outlined in the order. Id. For the reasons explained below, Mr. Walker's complaint is dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because it is frivolous, without merit and fails to state a claim upon which relief may be granted.

## DISCUSSION

### I.     Response to Order to Show Cause

The court ordered Mr. Walker to show cause why his complaint should not be dismissed.  In response, Mr. Walker filed three documents titled, "Objection on Importance of Ruling held in Abeyance and Request for Oral Argument," (Docket 9), "Oral Argument and Request for Hearing on Tailored Restrictions," (Docket 10), and "Motion to Show Cause: 'Their Rights.' " (Docket 11).  Mr. Walker responds to the court's order and argues his case is important and should not be dismissed as frivolous.  (Docket 9 at p. 2).  He discusses the state's power to pass laws to protect public health.  Id. at 3.  He explains he is not seeking damages, only injunctive relief.  Id.  He claims he can satisfy the test for injunctive relief.  (Docket 11 at p. 2).

None of these arguments are responsive to the court's order.  Mr. Walker does not provide a legal basis showing his complaint should not be dismissed. He interprets the court's usage of the word "frivolous" as a finding that the court views the underlying issue he raises, the exposure of college students and other citizens to HIV, as not serious.  That is not the case.  Mr. Walker's complaint is frivolous because he pled no personal injury and he has no connection to those he claims to represent.  Mr. Walker claims he is advocating for the college students and residents of South Dakota.  (Docket 11 at 2) ("I am advocating for

2

the students, [and] residents of South Dakota, and surrounding areas."). Mr. Walker has no legal relationship to these individuals, and he does not explain how he is in a position to file claims on their behalf.

Mr. Walker does not have standing to bring this case in federal court. One essential aspect of the "Cases" or "Controversies" requirement of Article III of the Constitution "is that any person invoking the power of a federal court must demonstrate standing to do so." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). "This requires the litigant to prove that he has suffered a concrete and particularized injury . . . ." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561 (1992)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Id. Mr. Walker cannot prove he suffered "personal" harm because, as he admits in his filings, he did not bring the complaint on his own behalf, but to protect the college students and residents of South Dakota. His responses to the court's order to show cause does not rectify the standing issue. The case is dismissed. See Haan v. Noem, No. CIV 13-1009, 2013 WL 5701638, at *3 (D.S.D. Oct. 17, 2013) (quoting Denton v. Hernandez, 504 U.S. 25, 32 (1992)) ("[The] court has the authority to dismiss a claim based on a indisputably meritless legal theory".) (internal quotation marks omitted).

## II. Response to Order to Enjoin Mr. Walker

Mr. Walker has filed six other lawsuits in this district. See Walker v. Peterson, 12-cv-04078-KES; Walker v. Gant, 14-cv-05062-LLP; Walker v. Siebrasse, 14-cv-05090-JLV; Walker v. Rabern, 14-cv-05095-JLV; Walker v. Rensch, 15-cv-05035-JLV; Walker v. Harmon, 15-cv-05037-JLV. This court dismissed Siebrasse, Rabern and Rensch for failing to state a claim on which relief could be granted. Mr. Walker's filing history in the Western Division demonstrates his sustained proclivity to file suits without legal merit. With the exception of Rabern, which the court dismissed because Mr. Walker's slander and libel claims were not cognizable under § 1983, Mr. Walker's Western Division cases were dismissed because they were brought against defendants who were not state actors.[1]

Mr. Walker argues the court has not dismissed enough of his cases as frivolous to justify permanently enjoining him from filing in federal court without paying the filing fee, having the pleadings signed by an attorney, or following the conditions identified by the court. See Docket 11. He also argues an injunction will not save the court any time. Id. at 4. The court finds Mr. Walker has shown good cause not to be enjoined from filing further suits in federal court or to be subject to any filing restrictions at this time. The court, however, cautions Mr. Walker against the continued filing of frivolous or unmeritorious cases and contacting court personnel in a harassing manner.

---

[1] The court is currently evaluating Mr. Walker's claims in Harmon.

4

**ORDER**

Based on the above discussion, it is

ORDERED that Mr. Walker's complaint (Docket 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, without merit and fails to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Walker's motion to appoint counsel (Docket 4), motion for service (Docket 5) and motion for rulings of importance (Docket 7) are denied as moot.

Dated July 28, 2016.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE